### 13144.   FLETCHER *v.* THE STATE.

Intoxication in the private residence of another, as prohibited by section 442 of the Penal Code (1910), was sufficiently charged in the indictment, and the special grounds of demurrer urged were properly overruled.

The evidence authorized the conviction of the accused.

DECIDED MARCH 7, 1922.

Indictment for misdemeanor; from Long superior court —
Judge Sheppard.   November 12, 1921.

The indictment charged the defendant with the offence of the misdemeanor, for that he, on a named date, unlawfully, etc., was and appeared in a drunken and intoxicated condition within the curtilage of the private residence occupied by Mrs. Agnes Hodges and others named, said private residence not being in the defendant's exclusive possession; which drunken and intoxicated condition was caused by the excessive use of intoxicating wines, beers, liquors, and opiates, and was made manifest by boisterousness, by indecent condition and acting, by vulgar, profane, and unbecoming language, and by violent discourse, contrary to the laws of the State, etc.

The defendant demurred on the grounds: that the indictment is too indefinite; that the language alleged to have been used by the defendant is not set out; and that the acts constituting the boisterousness, or the indecent condition and acting, or the violent discourse, are not stated.

Mrs. Agnes Hodges testified that she was a widow, occupying, with her children, a certain house in Long county, when the defendant came to her home in his car.   She testified: " He was on my porch, and I realized when I walked out that he was drunk. He was leaning against a post in the front porch.   He said he came to see about some lumber.   He came into the house and stood up by the mantle-piece, . . kept talking, and wouldn't go, and finally commenced talking about my getting married again.   He said I ought to get married again, and I told him I didn't want to

get married again. He kept on about my getting married again, and he finally said, ' It's much better to be married.' He said, ' You know the difference in being married and being single.' I smelled the liquor on his breath. I finally went into the kitchen to get away from him, and he followed me on in the kitchen and sat down in the window and began talking about fish bait, and my little girl said there was some out in a box in the yard, and he tried to get my little girl out of the kitchen by telling her to go out there and see if there was any fish bait. He kept asking me if I was going to Ludowici, and I told him ' No.' I finally went to the woodpile, and he followed me on out there and said to me in a very low tone of voice. ' How about me coming back over here to-night ? ' M. M. Fletcher [defendant] is a married man. I ordered him to leave, and he left. He came back to my house, in about thirty minutes. I know he was drunk because he was driving his car back and to, across the road, recklessly. I do not know what he was drinking." The defendant's statement at the trial was: " I am not guilty of this charge. I went to Mrs. Hodges on the time testified about by her, but I positively was not drunk. I am not guilty."

*M. Price,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

LUKE, J. The defendant was convicted under an indictment which charged him with having been and appeared within the curtilage of the private residence of another in a drunken and intoxicated condition, caused by the excessive use of intoxicating liquors, etc. The indictment was not subject to the special demurrers urged against it.

The evidence authorized the conviction, the verdict has the approval of the trial judge, and it was not error for any reason assigned to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*